UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISON

| | |
|---|---|
| **EMILY CARREON** § | |
| § | |
|     **Plaintiff,** § | |
| v. § | **CIVIL ACTION NO. 5:21-cv-779** |
| § | |
| **METHODIST HEALTHCARE** § | |
| **MINISTRIES OF SOUTH TEXAS, INC.** § | **JURY TRIAL DEMANDED** |
| **and HCA HEALTHCARE, INC., d/b/a** § | |
| **METHODIST HOSPITAL STONE OAK** § | |
| § | |
|     **Defendant.** | |

## ORIGINAL COMPLAINT

Plaintiff EMILY CARREON ("Plaintiff" or "Ms. Carreon") by and through her attorneys, ELLWANGER LAW LLLP, brings this action for damages and other legal and equitable relief from Defendant, METHODIST HEALTHCARE MINISTRIES OF SOUTH TEXAS, INC. and HCA HEALTHCARE, INC. d/b/a METHODIST HOSPITAL STONE OAK ("Defendant" or "Methodist Healthcare"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC") and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Ms. Carreon seeking damages from Defendant for acts of sexual harassment and hostile work environment. Defendant's acts of harassment are in violation of Title VII, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

2. At all relevant times, Defendant employed Mr. Memo Montemayor ("Mr. Montemayor") as a scrub technician at its Methodist Hospital Stone Oak in San Antonio, Texas. Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to sexual harassment and a hostile work environment.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*., and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Methodist Healthcare maintains offices, conducts business, and resides in this district.

## PARTIES

6. Ms. Carreon is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a citizen of the United States of America and is a currently a resident of the state of Arizona.

7. At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII and the TLC.

8. Defendant's Methodist Hospital Stone Oak is located at 1139 E Sonterra Boulevard, San Antonio, TX 78258. Defendant's Methodist Hospital Stone Oak is a 50/50 joint venture between Defendant Methodist Healthcare Ministries of South Texas, Inc. and Defendant HCA Healthcare, Inc. Defendant is a private healthcare provider, with locations across Southern Texas. Upon information and belief, Defendant employs over five-hundred (500) persons.

9. During all relevant times, Defendant has been an employer covered by Title VII and the TLC.

10. Defendant transacted and continues to transact business in Texas by, among other things, employing persons at that facility located within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

11. Ms. Carreon has timely filed charges of discrimination with the EEOC.

12. Ms. Carreon, who has herein alleged claims pursuant to Title VII, has received her Notice of Right to Sue letters from the EEOC within ninety (90) days prior to the filing of this Complaint.

**STATEMENT OF FACTS**

13. Ms. Carreon began working for Methodist Healthcare at its Stone Oak Hospital in San Antonio, Texas in or around May 2016. While employed with Methodist Healthcare, Ms. Carreon worked as a lactation consultant.

14. On at least a weekly basis, Ms. Carreon was subjected to unwanted touching by Mr. Montemayor. This unwanted physical touching came in the form of hugs and shoulder massages. Each time Mr. Montemayor made these unwanted gestures, Ms. Carreon immediately removed herself from the situation.

15. On or around January 1, 2020, Mr. Montemayor approached Ms. Carreon from behind and started rubbing from her back down to her arms. When Ms. Carreon attempted to get away from Mr. Montemayor, their legs hit and Mr. Montemayor began hugging Ms. Carreon and kissing her on her neck from her ear, down to her lips. In the midst of this disturbing and unwanted contact, Mr. Montemayor said, "I want to wish you a very happy new year." Ms. Carreon, shocked by Mr. Montemayor's actions, froze until he left.

16. Ms. Carreon attempted to carry on some semblance of a normal workday after this unsolicited interaction. However, later that same day, Ms. Carreon broke out into tears and went to see the Labor and Delivery Charge Nurse, Erica Lopez ("Ms. Lopez"). Ms. Carreon informed Ms. Lopez of Mr. Montemayor's actions from earlier in the day. Ms. Lopez told Ms. Carreon that "if [Mr. Montemayor's actions] make you uncomfortable, you should report it."

17. Ms. Carreon then reported Mr. Montemayor's sexual harassment to Nurse Manager Micaela Longoria ("Ms. Longoria"). Ms. Longoria told Ms. Carreon that she wanted to get the Director of Women's Services, Janis Van Pelt ("Director Van Pelt") involved. Ms. Carreon

requested to work in a separate space away from Mr. Montemayor and have Mr. Montemayor's sexual harassment investigated. However, nothing was done to remedy this situation.

18. Director Van Pelt encouraged Ms. Carreon to "tell [Mr. Montemayor] how uncomfortable [his harassment] made [her] feel." Ms. Carreon did not feel comfortable confronting Mr. Montemayor and made those feelings known. Director Van Pelt informed Ms. Carreon that an incident would be filed and reported, and that Mr. Montemayor would be addressed. Upon information and belief, neither of those disciplinary actions took place.

19. After trying to get Director Van Pelt involved, Ms. Carreon approached a series of management officials, HR personnel, the Interim Director, and the Ethics Hotline. Each attempt was to no avail. Ms. Carreon regularly had to inquire with her leadership team for updates on their handling of the harassment, but no update was ever provided.

20. In one instance, Ms. Carron informed management that she would be quitting, putting in her two-week notice. Ms. Carreon's resignation was prompted by weeks of inaction by officials at Methodist Healthcare to address the harassment. Ms. Carreon agreed to stay employed, on the condition that Mr. Montemayor would be disciplined, and accountability would be had. At this time, Ms. Carreon regularly had discussions with HR about the harassment, who told Ms. Carreon that they would inform her leadership team of the harassment so that the Leadership Team could handle the discipline. However, eight months after the first incident of harassment in January, Ms. Carreon's leadership team had not been informed of the harassment by HR.

21. In or around August 9, 2020, Ms. Carreon witnessed Mr. Montemayor acting inappropriately with another female staff member in a break room. Mr. Montemayor had his arms wrapped around the coworker and was tickling her. Ms. Carreon observed the visibly

**ORIGINAL COMPLAINT**

uncomfortable coworker, who abruptly got up and left. This coworker informed Ms. Carreon that Mr. Montemayor's actions made her feel uncomfortable and encouraged her to submit a complaint.

22.     On or around August 12, 2020, Ms. Carreon sent an email to management and other personnel, including the CEO, detailing the harassment she endured from Mr. Montemayor. Nonetheless, three days later, Ms. Carreon was put on a shift with Mr. Montemayor.

23.     As a result of the ongoing sexual harassment that went ignored and unaddressed by Methodist Healthcare, Ms. Carreon was constructively discharged in August 2020.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Hostile Work Environment)

24.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

25.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of sex.

26.     Plaintiff's requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Discrimination)

27.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

28.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff was discriminated against through unwanted sexual advances and harassment and ultimately constructively discharged on the basis of sex.

29.     Plaintiff's requests for relief are set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001** *et seq.*
**(Hostile Work Environment)**

30. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

31. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of sex.

32. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001** *et seq.*
**(Discrimination)**

33. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

34. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Plaintiff was discriminated against by unwanted sexual advances and harassment and ultimately constructively discharged on the basis of sex.

35. Plaintiff's requests for relief are set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC");

B. All damages that Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and

job benefits they would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendant's employees;

I. Training of all employees regarding sexual harassment and discrimination, including the reporting procedures for reporting such harassment, conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any employee who engages in unlawful discrimination, including sexual harassment;

K. Active monitoring of the work areas to ensure compliance with discrimination policies;

L. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

**ORIGINAL COMPLAINT**
8

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: August 18, 2021

Respectfully submitted,

_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
ELLWANGER LAW LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**ORIGINAL COMPLAINT**